IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILLIAM CHARLES GRAHAM,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **vs.** ) | **Case No. 3:24-cv-1540-DWD** |
| ) | |
| **T. LILLIARD, Warden, FCI Greenville,** ) | |
| ) | |
| **Respondent.** ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is Petitioner's Third Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 11). Also before the Court are various miscellaneous motions filed by Petitioner. (Docs. 2, 3, 9, 10). For the reasons explained below, the Expedited Request for the Court's Leave to Amend under Federal Rule of Civil Procedure 15(a)(2) (Doc. 10) is **GRANTED**, the Third Amended Petition (Doc. 11) is **DISMISSED with prejudice**, and all other pending motions (Docs. 2, 3, 9) are **DENIED as moot**.

Petitioner is an inmate at FCI Greenville. (Doc. 11). On July 16, 2019, he was indicted in the U.S. District Court for the District of Minnesota for interference with commerce by robbery and using, carrying, and brandishing a firearm during and in relation to a crime of violence. *U.S. v. Graham*, No. 19-cr-185, Doc. 1 (D. Minn. July 16, 2019). Petitioner was found guilty of those charges in September 2020 after a bench trial. *Id*. at Docs. 258 & 259. On June 24, 2021, he was sentenced to a total of 294 months of

imprisonment. *Id*. at Doc. 489. Petitioner appealed that judgment; however, the appeal was dismissed by the Eighth Circuit due to his failure to prosecute. *Id*. at Docs. 601 & 602.

Around this same time, Petitioner sought to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *Id*. at Docs. 597 & 604. The District Court of Minnesota denied the relief requested by Petitioner under § 2255 on July 13, 2022. *Id*. at Docs. 677 & 678. Petitioner appealed, and the Eighth Circuit affirmed, the judgment. *Id*. at Docs. 679 & 690. Thereafter, the Eighth Circuit denied multiple requests by Petitioner to authorize a second or successive application for relief under § 2255. *Id*. at Docs. 735, 751, 778, 815.[1]

On June 20, 2024, Petitioner filed a Petition for a Writ of Habeas Corpus under § 2241. (Doc. 1). Four days later, on June 24, 2024, Petitioner filed an Amended Petition for a Writ of Habeas Corpus under § 2241 without leave of the Court. (Doc. 11). On July 29 and August 7, 2024, respectively, Petitioner filed an Expedited Request for the Court's Leave to Amend under Rule 15(a)(2) and the Third Amended Petition. (Docs 10 & 11). Petitioner argues he is "in custody in violation of the Constitution, laws[,] or treaties per the United States." (Doc. 11, pg. 1). While citing to the Judgment in his underlying criminal case, Petitioner asserts a challenge to "the fact or duration of confinement" due to a lack of jurisdiction. (Doc. 11, pg. 2); *Graham*, No. 19-cr-185, Doc. 489 (D. Minn. June 24, 2021). More specifically, although Petitioner maintains that he is not challenging the validity of his conviction or sentence, his sole ground for relief is as follows:

The declaration of Article V of the Amendments per the Constitution, laws[,] or treaties of the United States declares that "No person shall be held

---

[1]Notwithstanding this fact, Petitioner declined to check "yes" or "no" to the question of whether he has "already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence." (Doc. 11, pg. 3). He also declined to provide any information related to those motions. (Doc. 11, pg. 4).

to answer for a capital or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury," is jurisdictional; and no court of the United States has jurisdiction to try a person for any offense other than the offense charged in the indictment.

The Indictment (Doc. No. 1) of the lower district court for the District of Minnesota charged the petitioner as to two count(s)…. [B]ut the trial court was instructed on a different offense…. The court lacked jurisdiction to try the petitioner and sentence him to the imprisonment provided for in the statute on the uncharged offense(s) as to Counts 1-2 of the indictment.

(Doc. 11, pgs. 3, 6).[2]

Now, as an initial matter, the Court **GRANTS** the Expedited Request for Leave to Amend under Rule 15(a)(2). (Doc. 10). As noted above, the Third Amended Petition appears to be substantially similar to the prior Petitions and Petitioner made the request before this preliminary review or any service upon Respondent. *See* Fed. R. Civ. P. 15(a)(2) ("[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.").

Further, Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts states: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts; *accord Mayle v. Felix*, 545 U.S. 644, 663 (2005).[3] Relevant

---

[2]The Court notes the Third Amended Petition appears to be substantially similar to the prior Petitions. (Docs. 1, 6, 11). Likewise, the ground for relief presented in this case appears to be similar to the first ground for relief presented to District Judge Gilbert in *Graham v. Lilliard*, No. 24-cv-1224, Doc. 1, pg. 6 (S.D. Ill. May 6, 2024). Judge Gilbert dismissed Petitioner's Petition in that case, with prejudice, on July 1, 2024. *Id.* at Doc. 9. Judgment was entered against Petitioner on that same date. *Id.* at Doc. 10.

[3]Rule 1(b) states, "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)." Therefore, the Rules may be applied in the context of § 2241. *See Hudson v. Helman*, 948 F. Supp. 810 (C.D. Ill. 1996) (citing *Kramer v. Jenkins*, 108 F.R.D. 429, 431 (N.D. Ill. 1985)).

here, § 2255(a) states "[a] prisoner in custody under sentence of a court…claiming the right to be released upon the ground…that the court was without jurisdiction to impose such a sentence…may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Subsection (b) contemplates a situation where "the judgment was rendered without jurisdiction," requiring the court to "vacate and set the judgment aside and…[to] discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id.* § 2255(b). From these provisions, it is clear that § 2255 expressly contemplates the arguments that Petitioner now presents in this case. *Id.* § 2255(a), (b). As noted above, though, he was unsuccessful in lodging a collateral attack on his sentence as a matter of right in the District of Minnesota and in obtaining authorization from the Eighth Circuit, despite multiple requests, to file a second or successive § 2255 motion. *See* 28 U.S.C. § 2255(a), (f).

It is likely for this reason that Petitioner invokes § 2241, as a guise for a collateral attack on his sentence, in the district of his confinement. *See Hogsett v. Lillard*, 72 F.4th 819, 820 (7th Cir. 2023) ("To collaterally attack a conviction or sentence, a federal prisoner files a motion to vacate under 28 U.S.C. § 2255, not a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241); 28 U.S.C. § 2255(h) (stating a second or successive motion under § 2255 must be certified, as provided under 28 U.S.C. § 2244, by a panel of the appropriate Court of Appeals to contain (1) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense, or (2) a new rule of constitutional law that is made retroactive to cases on collateral review by the Supreme Court and was

4

previously unavailable). To properly do so, however, Petitioner must satisfy § 2255(e)'s savings clause, which states: "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to…section [2255], shall not be entertained if…[the sentencing court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). After our Supreme Court's decision in *Jones v. Hendrix*, which abrogated the precedent containing the Seventh Circuit's prior savings clause analysis, such a maneuver is possible only if a few unusual circumstances (*e.g.*, where the court of conviction no longer exists) render it "impossible or impracticable for a prisoner to seek relief from the sentencing court." *See* 599 U.S. 465, 474, 478 (2023); *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998). Otherwise, the savings clause would be a "workaround" or "end-run" to § 2255(h). *See Jones*, 599 U.S. 477-78; *accord Hogsett*, 72 F.4th at 821; *see also Gunn v. Emmerich*, No. 23-cv-627, 2024 WL 808824, *2 (S.D. Ill. Feb. 27, 2024) ("Allowing prisoners to collaterally attack their sentence in § 2241 petitions in any other situation would work an end-run around § 2255(h)'s limitations on successive collateral attacks to two, and *only* two, circumstances.") (Emphasis in original).

Here, the unusual circumstances necessary to implicate § 2241 via the savings clause in § 2255(e) are absent from this case. *See Daigle v. Kallis*, No. 22-3233, 2023 WL 10450157, *1 (7th Cir. Nov. 13, 2023) (noting "a § 2255 applicant is expressly authorized to argue, to the sentencing judge, that the court had been 'without jurisdiction,' " which indicated, *inter alia*, the petitioner's collateral attack on his conviction and sentence was "in substance a habeas corpus petition…[that had to] satisfy the saving clause to

proceed"). Petitioner was unsuccessful in filing an initial § 2255 motion in the District of Minnesota, which could have contained his present arguments, and in filing multiple requests for authorization to file second or successive § 2255 motions in the Eighth Circuit. Despite § 2255 operating as an adequate and effective means to test the legality of his detention, Petitioner merely seeks to use § 2241 as a "workaround" or "end-run" to § 2255(h). *See Jones*, 599 U.S. 477-78; *Day v. Watson*, No. 23-1072, 2023 WL 8798087, *1 (7th Cir. Dec. 20, 2023) (finding, after noting § 2241 relief is rare, the petitioner could not "relitigate a theory 'under § 2241 if § 2255 could have been (or was) used to raise the issue."). That is precisely what was forbidden by *Jones*.

For these reasons, it plainly appears that Petitioner is not entitled to habeas relief under § 2241. *See* Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts; *Mayle*, 545 U.S. at 663. Therefore, the Third Amended Petition (Doc. 11) is **DISMISSED, with prejudice**, and all other pending motions (Docs. 2, 3, 9) are **DENIED as moot**. The Clerk of the Court is **DIRECTED** to enter judgment accordingly.

      **SO ORDERED.**

      Dated: August 20, 2024

_____
DAVID W. DUGAN
United States District Judge